**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

JOHN K. WAHRMANN,

                                                Plaintiff,

   v.                                                                6:13-CV-432
                                                                                  (TJM/ATB)

COMMISSIONER OF SOCIAL
SECURITY, et al.,

                                                Defendants.
_____

JOHN K. WAHRMANN, Plaintiff pro se

ANDREW T. BAXTER, U.S. Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

      The Clerk has sent me the above complaint, together with a motion to proceed in forma pauperis ("IFP"), filed by pro se plaintiff, John K. Wahrmann. (Dkt. Nos. 1, 2). Plaintiff has filed this action on a form used for claims brought under the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*

**I.**    <u>**IFP Application**</u>

      The court has reviewed plaintiff's IFP application. (Dkt. No. 2). Based upon the plaintiff's stated financial status, the court finds that the plaintiff is financially eligible to proceed without payment of fees.

      In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief

against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555).

The court may also dismiss a claim under section 1915(e)(2)(B) if it determines that it plainly lacks jurisdiction. *Yusim v. Social Security Administration*, No. 12-CV-117, 2012 WL 194998, at *2 (E.D.N.Y. Jan. 23, 2012) (citing *Prince v. Social Sec. Admin.*, No. 11-CV-4860, 2011 WL 5884851, at *2 (E.D.N.Y. Nov. 22, 2011)). The

court has an independent obligation to examine the basis of its jurisdiction, and must dismiss an action if it "'determines at any time that it lacks subject matter jurisdiction.'" *Id.* (citing *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990); Fed. R. Civ. P. 12(h)(3)). The court will now turn to a consideration of the plaintiff's complaint under the above standards.

## II. Complaint

A review of the form-complaint filed by plaintiff shows that he has named four defendants in this action: the Commissioner of Social Security ("the Commissioner"); Attorney John Kalil; the Office of Disability Adjudication and Review ("ODAR"); and Mental Health Connections ("MHC"). (Compl.) (Dkt. No. 1).

In the form-complaint, plaintiff states that he suffers from several disabilities, including fibromyalgia, clinical depression, and neurological impairments. (Compl. ¶ 4). Plaintiff states that defendants denied him "participation in a public service or program; failed to "make alterations to accommodate [his] disability; refused to review his "case" to determine if the "conclusion was justified by [the] evidence submitted; did not investigate and properly review [the] evidence available; were careless and showed depravity and reckless inconsideration in working with plaintiff; and did not treat the plaintiff with "reasonable consideration." (Compl. ¶ 5).

In a section of the form-complaint entitled "FACTS," plaintiff states that the Commissioner lost plaintiff's original "application" in February of 2009, and "summarily" denied the application. (Compl. ¶ 6). He also states that the Commissioner denied plaintiff's appeal in November of 2012. Plaintiff also claims that the Commissioner summarily denied his appeal of the Administrative Law Judge's ("ALJ") April 25, 2012 decision by refusing to review the decision, even

3

though it was "clear that there was a blatant error in the [ALJ's] decision. (Compl. ¶ 6, §§ 3-5).

Plaintiff states that his attorney, defendant Kalil, did not review the available records in order to submit a "complete record" of the plaintiff's medical history, nor did he properly support the appeal of the ALJ's decision with sufficient evidence. (*Id.* §§ 6-8). Finally, plaintiff claims that defendant Mental Health Connections did not supply a complete medical record as requested by plaintiff and his attorney. (*Id.* § 9). Plaintiff seeks damages in the amount of $200,000,[1] together with fines and notices of reprimand to all the defendants. (Compl. ¶ 7, §§ 1-4). Plaintiff also asks that defendant Mental Health Connections be "required to add additional staff to reduce the caregiver/consumer ratio." (*Id.* § 5).

## III. ADA

### 1. Legal Standards

Under the ADA, a plaintiff must establish that he (1) is a qualified individual with a disability; (2) is being excluded from participation in, or being denied benefits of some service, program or activity by reason of his or her disability; and (3) the entity providing the service is a *public entity*. *Allah v. Goord*, 405 F. Supp. 2d 265, 274 (S.D.N.Y. 2005). A public entity is defined under the ADA as "any State or local government" or any "department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. § 12131(1), *cited in Sarvis v. United States*, 234 F.3d 1262 (2d Cir. 2000) (unpublished opinion printed at 2000 WL 1568330, at *2 (2d Cir. Oct. 19, 2000)). The Second Circuit has

---

[1] Plaintiff has calculated the amount of damages as $50,000.00 per year, based on plaintiff's average pre-disability income for four years. (Compl. ¶ 7, § 1).

specifically held that Title II of the ADA is not applicable to the federal government, its agencies or employees because the federal government is not a "public entity" under the ADA. *Jackson v. Astrue*, 277 F. App'x 76, 77 (2d Cir. 2008) (quoting *Cellular Phone Taskforce v. FCC*, 217 F.3d 72, 73 (2d Cir. 2000)).

### 2. Application

The only section of the ADA that would be applicable to plaintiff is 42 U.S.C. § 12132, because the other sections of the statute deal with employment discrimination based upon disability and discrimination in public accommodations based on disability. *See* 42 U.S.C. §§ 12112 (employment by a "covered" entity), 12182 (prohibition of discrimination in public accommodations operated by private entities). The Commissioner and ODAR are federal defendants.[2] The Commissioner is the head of a federal agency, and ODAR is a federal office. Thus, plaintiff's complaint may be dismissed as to both of these defendants because the federal government is not a public entity for purposes of the ADA, and thus, there is no jurisdiction over either of the two federal defendants under this statute.

Plaintiff's attorney, John Kalil is not a public entity, and there is no subject matter jurisdiction in this court over an action under the ADA, naming the attorney who represented plaintiff during the appeal of his Social Security Benefits application. This case may be also be dismissed as against defendant Kalil for lack of subject matter jurisdiction.

---

[2] A state's immunity is specifically waived in the ADA, thus, in the appropriate circumstances a plaintiff may maintain an ADA action in federal court against the state. 42 U.S.C. § 12202.

5

**IV.    The Social Security Act, 42 U.S.C. § 405(g)**

   **1.    Legal Standard**

The only appropriate statute upon which to base a challenge to the Commissioner's disability determination is the Social Security Act, 42 U.S.C. § 405(g). *Matthews v. Eldridge*, 424 U.S. 39, 327 (1976).  Section 405(g) provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, . . . may obtain a review of such decision by a civil action in federal district court." *Yusim v. Social Sec. Admin*, 2012 WL 194998, at *2 (quoting *Sims v. Apfel*, 530 U.S. 103, 106 (2000); 42 U.S.C. § 405(g)).

A "final decision" is "a statutorily specified jurisdictional prerequisite" to federal court review. *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975),  According to the Supreme Court, a "final decision" is rendered when the Appeals Council either considers the plaintiff's application on the merits or declines to review the application. *Id.* (citing *Pollard v. Heckler*, 377 F.3d 183, 191 (2d Cir. 2004)).  There are exceptions to this requirement when a claim is "collateral" to the demand for benefits; when exhaustion would be futile; or when the plaintiff would suffer irreparable harm if required to obtain a final decision. *Id.* (citing *Pavano v. Shalala*, 95 F.3d 147, 150 (2d Cir. 1996)).  The statute also provides that the civil action must be filed within sixty (60) days of the "final decision." 42 U.S.C. § 405(g).

The Social Security Act also provides that "[n]o findings of fact or decision of the Commissioner . . . shall be reviewed by any person, tribunal, or governmental agency except as herein provided," and "[n]o action against the United States, the Commissioner . . . , or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter." 42

U.S.C. § 405(h).

## 2. Application

Even a cursory reading of plaintiff's complaint shows that he is essentially challenging the denial of his Social Security benefits. Although he couches the claim in terms of "discrimination" based on his disability, he is actually claiming that the defendants did not properly review his disability case, and that Mental Health Connections did not send sufficient documentation to prove that plaintiff was disabled. Plaintiff states that the defendants refused "to review case" to determine if the conclusion was justified, and that defendants did not investigate and review the evidence that was available. Plaintiff faults his attorney for failing to submit evidence to the Appeals Council showing that the ALJ's decision in plaintiff's case was "not logical or supported by substantial evidence." (Compl. ¶ 6).

As stated above, if plaintiff wishes to challenge the denial of his Social Security benefits, his only basis for jurisdiction is a timely action under 42 U.S.C. § 405(g). Plaintiff has done so in a separate civil action filed at the same time that he filed this action. *See Wahrmann v. Commissioner of Social Security*, No. 6:13-CV-431 (DNH/ATB). On April 24, 2013, I granted plaintiff's IFP application in 13-CV-431 and ordered service by the Marshal on the Commissioner, the U.S. Attorney, and the U.S. Attorney General as required for proper service on the Commissioner. (Dkt. Nos. 5-6 in 13-CV-431). Plaintiff will have an opportunity to properly challenge the denial of his Social Security benefits, and he may not bring a separate action for damages under the ADA or any other statute.[3]

---

[3] A civil action against an employee of the United States for actions taken within the scope of his or her employment is deemed an action against the United States. 28 U.S.C. § 2679(d)(1). Such a

7

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's application to proceed IFP (Dkt. No. 2) is **GRANTED FOR PURPOSES OF FILING ONLY**, and it is

**RECOMMENDED**, that this action be **DISMISSED IN ITS ENTIRETY WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) for failure to state a claim due to lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec. of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: April 29, 2013

_Andrew T. Baxter_
Hon. Andrew T. Baxter
U.S. Magistrate Judge

---

claim may only be asserted where the federal government has explicitly waived its sovereign immunity. *Hercules Inc. v. United States*, 516 U.S. 417, 422 (1996). Generally, the exclusive avenue for a suit against the United States for damages resulting from the negligent or wrongful act of any employee within the scope of his or her employment is under the Federal Tort Claims Act ("FTCA"). 28 U.S.C. § 2679(b)(1). There is a limited exception under the FTCA for cases in which a statute otherwise authorizes claims against the government. 28 U.S.C. § 2679(b)(2). The Social Security Act does not authorize actions against government agents in their individual capacities. *See Schweiker v. Chilicky*, 487 U.S. 412, 424 (1988) (the Act makes no provision for remedies in money damages against officials responsible for unconstitutional conduct that leads to the wrongful denial of benefits). Plaintiff in this case is alleging conduct in violation of the ADA and not based on unconstitutional actions). In any event, the FTCA requires exhaustion of the "tort" claims before the agency. 28 U.S.C. § 2675(a). There is no indication that plaintiff has brought his alleged negligence or "reckless depravity" claims to the Social Security Administration, separately from his challenge to the denial of benefits. Thus, plaintiff could not base any action on the FTCA.